Tagg v. Miller.

THOMAS C. TAGG, PLAINTIFF IN ERROR, V. HENRY M. MILLER, DEFENDANT IN ERROR.

1. **Practice:** ASSIGNMENT OF ERROR. An assignment of error— "That the court erred in the instructions given to the jury on the trial of the said action," is too indefinite to be considered unless the whole charge be bad.

2. ———: INSTRUCTIONS TO JURY: WAIVER OF ERROR. By the act of February 25th, 1875, respecting instructions, it is made the duty of the judge presiding at the trial to write the word "given" or "refused," as the case may be, on the margin of each instruction given or requested, and the failure to do so, unless waived, is error. In construing this statute, *Held*, That to make such error available, the party complaining must have brought the matter to the attention of the trial court by an exception at the time, and afterwards by motion for a new trial.

ERROR to the district court for York county. The action was originally brought before a justice of the peace, by Miller against Tagg. Miller had judgment there, as well as in the district court on appeal, and Tagg came here on a petition in error.

*France & Sedgwick,* for plaintiff in error.

*Scott & Giffen,* for defendant in error.

LAKE, J.

Of the numerous errors assigned, we shall refer only to those relied on by counsel in their brief. And of these, the first—that the damages are excessive—is clearly not well taken, if the testimony of the defendant in error be substantially true. That the jury so regarded it, although in many particulars irreconcilably conflicting with that of the plaintiff in error, is manifest from the fact that their verdict, which, although upon this theory it might have been somewhat larger,

is evidently based thereon. While there are some circumstances militating somewhat against the *bona fides* of a part of the account sued on, still there is nothing in the record from which the court can say, with reasonable certainty, that the jury erred in regarding Miller's testimony, wherein there was a conflict, as the more reliable of the two. Such being the case, this court is not at liberty to interfere.

The second point made is, that the court erred in charging the jury; the assignment of error being, "That the said court erred in the instructions given to the jury on the trial of the said action." This is too indefinite when it is conceded, as it is of these, that some of the instructions state the law applicable to the case correctly. If the whole charge were bad, such general assignment would be sufficient; but not being so, the particular portions complained of should have been distinctly pointed out. The third and fourth points of the plaintiff's brief refer to the court's charge to the jury, and are covered by what we have already said.

The fifth and only remaining point is that "The court erred in neglecting to write on the margin of the instructions given, the word 'given,' and to have the instructions filed by the clerk before the same were read to the jury," etc., as is provided in the act of February 25th, 1875, relative to the giving of instructions to juries. By section three of this act (Gen. Laws 1875, page 77), it is made the duty of the court to "write the word 'given' or 'refused,' as the case may be, on the margin of each instruction," and, by section four, to have them "filed by the clerk before being read to the jury." Not only are these duties thus specifically enjoined upon the court, but, by the next section, it is declared that "a neglect or refusal on the part of the court to perform any duty enjoined by the preceding sections shall be error in the trial of the

case, and sufficient cause for the reversal of the judgment rendered therein."

But while such is the plainly written law—and this record fails to show that it was observed by the court below—the plaintiff in error has not put himself in a situation to be heard in complaint.   To reverse a judgment, it is not enough that error is shown to have occurred in the conduct of the trial, but, as we have frequently held, the party complaining that he has suffered therefrom must have excepted to the ruling at the time, and also have called the attention of the court thereto by motion for a new trial, neither of which was done in respect of these two matters.   The case of *Horbach v. Miller*, 4 Neb., 31, where one of the provisions of this statute was considered, is directly in point.   There it appeared that an instruction was given to the jury orally, whereas the statute required it to be in writing. In the opinion of the court by Gantt, J., it is said: " It is, however, contended that by statutory provision it shall be error, and sufficient cause for the reversal of the judgment, if any charge or instruction, or any portion thereof, be given to the jury by the court without first having reduced the same to writing.   This is true, and it is equally true that the admission of illegal or incompetent evidence on the trial of a cause, or the refusal to give an instruction, or the giving of an instruction to the jury, may be sufficient cause for the reversal of a judgment, yet, under the rule as settled, if the point is not made in the motion for a new trial, it will be considered as waived."

There is no error shown by the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.