Fry v. Tilton.

JOSIAH FRY, PLAINTIFF IN ERROR, v. W. W. TILTON, DEFENDANT IN ERROR.

1. **Practice.** Instructions should be filed with the clerk before being read by the court to the jury. And the word "given" or "refused" should be written on the margin of each instruction given or requested. But a failure to comply with the statute is not ground of error, unless excepted to.

2. **Evidence.** When the testimony is conflicting as to the price agreed upon in the sale of personal property, it is competent to show the value of the property at the time of the sale, as tending to show what the real contract probably was.

ERROR to the district court for York county. Tried below before WEAVER, J.

*France & Sedgwick*, for plaintiff in error.

*Montgomery & Harlan*, for defendant in error.

MAXWELL, CH. J.

This action was brought in the district court of York county, upon an account to recover from the defendant the sum of $153.65. The defendant in his answer admits the account, but alleges that in pursuance of a contract he delivered to the plaintiff thirty cords of soft wood at $4.75 per cord, amounting to the sum of $142.50. Two cords of hard wood worth $6.00 per cord, $12. And paid cash $8.74. He asks judgment for the sum of $9.59.

The plaintiff in his reply admits receiving eleven cords of soft wood, at $3.75 per cord, and one cord of hard wood at $5.00 per cord. On the trial of the cause a verdict was rendered in favor of the defendant for the sum of thirty-five cents. Various errors are assigned, the more important of which will be considered in their order.

It is objected that the verdict is against the weight of evidence. We have carefully read the entire testimony, although it is quite voluminous, and while it is somewhat conflicting, in our opinion it fully sustains the verdict.

Objection is made to the action of the court in not filing the instructions with the clerk before they were read to the jury, and in permitting the jury to take the instructions to the jury room, and also in neglecting to write the word "given" or "refused" on the margin of the instructions, as required by the statute.

The act approved February 25, 1875, provides that "it shall be the duty of the judges of the several district courts, in all cases both civil and criminal, to

reduce their charge or instructions to the jury to writing, before giving the same to the jury, unless the so giving of the same is waived by the counsel in the case in open court," etc.

Section 3 provides that "the court must read over all the instructions which it intends to give and none other, to the jury, and must announce them as given, and shall announce as refused, without reading to the jury, all those which are refused, and must write the word 'given' or 'refused' as the case may be, on the margin of each instruction."

Section 4 provides that: "If the giving or refusal be excepted to, the same may be without any reason stated therefor; and all instructions demanded, as well as all instructions given to the jury by the court on its own motion, must be plainly and legibly written in consecutively numbered paragraphs and filed by the clerk before being read to the jury by the court; and such instructions shall be preserved as part of the record of the cause in which they were given."

The fifth section provides that the neglect or refusal of the court to perform any duty enjoined by the preceding sections shall be error, and sufficient cause for the reversal of the judgment.   Laws of 1875, pages 77–8.

The proper construction of this statute was before this court in *Smith v. The State*, 4 Neb., 288.   The court say: "It was intended doubtless that each distinct proposition of law or statement of fact should be so set forth as to enable counsel readily to comprehend its purport, and if desirable, except to it by a simple reference to its number."   *   *   "But the right given by this section is one that may be waived, and will be regarded as waived when the instructions are not excepted to."

The question was again before the court in *Tagg v.*

*Miller*, 10 Neb., 442, where the presiding judge had failed to write the word "given" or "refused" on the margin of each instruction given or requested, and it was held that to make the error available an exception must have been taken.

Instructions should be filed with the clerk before being read to the jury, but the party complaining must have excepted on that ground to their being read. So with regard to writing the word "given" or "refused" on the margin of each instruction given or requested. The objection is purely technical, and a party seeking to take advantage of a mere technicality must himself be without fault. Besides, there is no doubt that had the attention of the court been called to the matter by an exception the objections would have been removed. As to the objection that the jury were permitted to take the instructions with them to the jury room, we think there is no error, as no exception was taken on that ground.

Objection is made to the testimony of the defendant's witnesses showing the value of wood at the time and place that the defendant delivered his wood to the plaintiff. The testimony as to the price agreed upon was conflicting, the plaintiff testifying that it was $3.75 per cord, and the defendant that the price agreed upon was $4.75 per cord. In such cases it is competent to show the value of such wood at the time the contract was made, as tending to show what the agreed price probably was. *Allison v. Horning*, 22 Ohio Stat., 138. *Kidder v. Smith*, 34 Vt., 294. As there is no error in the record the judgment must be affirmed.

JUDGMENT AFFIRMED.