Boldt v. Budwig.

WILLIAM BOLDT ET AL., PLAINTIFFS IN ERROR, V. GOTTFRIED BUDWIG ET AL., DEFENDANTS IN ERROR.

| 19 | 739 |
| 23 | 709 |
| 24 | 230 |
| 24 | 304 |
| 19 | 739 |
| 25 | 402 |
| 19 | 739 |
| 33 | 93 |
| 19 | 739 |
| 28 | 332 |
| 19 | 739 |
| 39 | 445 |
| 19 | 739 |
| 40 | 261 |
| 41 | 522 |
| 19 | 739 |
| 44 | 209 |
| 19 | 739 |
| 47 | 374 |
| 48 | 147 |
| 19 | 739 |
| 53 | 481 |
| 19 | 739 |
| f59 | 718 |

1. **Parties:** PETITION: DEMURRER. That there are too many plaintiffs or defendants joined in a petition is not a ground of demurrer under the code; nor is such question raised by an objection made by the defendant at the trial to the introduction of any testimony for the reason that the petition fails to state a cause of action.

2. **Petition:** DEMURRER. There are but *six* grounds or causes of demurrer to a petition under the code, and to render a demurrer effective one at least of such grounds or causes must be substantially stated.

3. INSTRUCTIONS set out at length in the opinion examined and found properly given and refused.

4. **Slander:** EVIDENCE. In an action of slander where words set out in the petition are actionable *per se* no evidence need be given of actual damage to the character, nor of the mental suffering of the plaintiff.

5. **New Trial:** MOTION FOR, BY PARTNER JOINTLY SUED. Under the provisions of the code in an action against two defendants, the evidence being ample as to one, but insufficient as to the other defendant, the verdict and judgment should be against the one and for the other; and in such case where the verdict was against both defendants, and the one against whom there was insufficient (or no) evidence made no motion for a new trial, as to himself alone, and judgment was rendered against both, it will not be disturbed. *Long & Smith v. Clapp*, 15 Neb., 417.

ERROR to the district court for Cuming county. Tried below before CRAWFORD, J.

*T. M. Franse*, for plaintiffs in error.

*M. McLaughlin* and *W. F. Bryant*, for defendant in error.

COBB, J.

The defendants in error sued the plaintiffs in error in the district court for certain scandalous and defamatory

words spoken by the plaintiff in error, Hannah Boldt, of and concerning the defendant in error, Caroline Budwig. The defendants in error as well as the plaintiffs in error are severally husband and wife.

The petition was in the ordinary form of a petition in slander, charging that Hannah Boldt had spoken certain false slanders and defamatory words of and concerning Caroline Budwig to the damage of the plaintiffs; that the plaintiffs were then and there husband and wife, and that the defendants were then and there husband and wife. The defendant William Boldt demurred to the petition; the defendant Caroline Boldt answered, denying the speaking of the slanderous words. The court overruled the demurrer of William Boldt; whereupon he filed his answer to said petition denying the allegations thereof, except that of the marriage of the parties, plaintiff and defendant. There was a trial to a jury, with verdict and judgment for the plaintiffs.

The defendants William Boldt and Hannah Boldt filed a joint motion for a new trial, which was overruled, and thereupon they filed a joint petition in error in this court.

The following are the errors assigned:

1.   In overruling the defendant William Boldt's demurrer to the petition.

2.   In overruling defendant William Boldt's objection to the introduction of any testimony.

3.   In overruling the defendants' objection to the introduction of any testimony.

4.   In admitting the testimony of Henry Calland and in not striking it out at defendant's motion.

5.   In giving paragraphs 7, 8, 9, and 12 of the instructions given by the court on its own motion.

6.   In refusing to give paragraph two of instructions asked by defendants.

7.   In rendering judgment on said verdict against the defendants jointly and against the defendant William Boldt.

8.  In overruling defendants' motion for a new trial.

It will be observed that the plaintiffs in error scarcely complain of the judgment as against the defendant Hannah Boldt.  I will, however, examine those assignments in which the alleged error might be deemed to apply to both defendants.  First, as to the third assignment.  The method of raising objections to pleadings by objecting to the introduction of any testimony, on the ground that the facts alleged in the petition are not sufficient to constitute a cause of action, or, as it is usually expressed, that the petition does not state a cause of action, is one not very clearly defined in the books or cases.  The rule is stated by the supreme court of Wisconsin as follows: " Where a complaint fails to state a cause of action, and the defendant at the trial objects on that ground to the introduction of any evidence, such objection is equivalent to a general demurrer, and a judgment for the plaintiff must be reversed."  *Hays v. Lewis*, 17 Wis., 217.  Assuming this rule to be correct, let us apply it to the case at bar.  It is not contended, nor could it be, that the petition does not state a cause of action by Caroline Budwig against Hannah Boldt, but it is contended that Gottfried Budwig was improperly joined as a plaintiff, and that William Boldt was improperly joined as a defendant.  Neither one of these questions could be reached by a general demurrer.  This designation is applied by the courts to a demurrer for the *sixth* or last ground of demurrer stated in the code, to-wit: " That the petition does not state facts sufficient to constitute a cause of action."  The *fourth* ground of demurrer as set out in the code is " That there is a defect of parties plaintiff or defendant."  Code, § 94.  This is designated special demurrer, and its place would not be supplied by an objection to the reception of any testimony.  There was a demurrer by William Boldt, severally, among the grounds of which were "a defect of parties plaintiff," and "a defect of parties defendant."  The word *defect* is defined by

Webster to mean "want or absence of something necessary for completeness or perfection." That there are too many plaintiffs or defendants joined in the petition is not made ground of demurrer by our code, nor is that question raised by an objection to the introduction of any testimony for the reason that the petition does not state a cause of action.

The point that the court erred in overruling the demurrer of defendant, William Boldt, cannot be sustained, for the reason that said demurrer did not assign any one of the six grounds of demurrer provided for by the code.

The *fourth* assignment of error is not well taken. The testimony of the witness, Henry Calland, was admissible to prove the presence of the defendant, Hannah Boldt, at the time and place stated in the petition, even if he had not understood a word of that which was spoken by her. That he did not understand the German language was for the consideration of the jury as to the weight to be accorded to his testimony, but did not disqualify him as a witness.

The *fifth* assignment of error is based upon the giving by the court of the 7th, 8th, 9th, and 12th instructions, which are as follows:

. "7.  The plaintiffs are not bound to prove the speaking of all the words charged in the petition. If the jury believe from the evidence that the defendant, Hannah Boldt, spoke of and concerning the plaintiff, Caroline Budwig, in the presence and hearing of others, any of the slanderous words charged in the petition, the fair import of which would be to charge the plaintiff, Caroline Budwig, with being a whore, then she is entitled to a verdict.

"8.  You are further instructed that anger is no justification for the use of slanderous words, and it ought not to be considered even in mitigation of damages, unless the anger is provoked by the person against whom the slanderous words were used, and in this case, if the jury be-

believe from the evidence that the defendant, Hannah Boldt, spoke of the plaintiff any of the slanderous words charged in the petition, then it matters not who commenced the conversation, and that the defendant was angry at the time, unless her anger was wrongfully provoked, in whole or in part, by the acts or language of the plaintiff herself.

"9. The jury are instructed that words charging a woman with being a whore are actionable in themselves, and the law presumes that the party uttering them intended maliciously to injure the person concerning whom they are spoken, unless the contrary appears from the circumstances, occasion, or manner of the speaking of the words; but all the plaintiffs are bound to prove in the case to entitle them to recover, is the speaking by the defendant, Hannah Boldt, of enough of the slanderous words charged in the petition to amount to a charge that the plaintiff, Caroline Budwig, was a whore; and express malice or ill will need not be proved. But, if the jury believe from the evidence that plaintiffs have failed to prove enough of the words to amount to a charge that plaintiff was a whore, then plaintiffs cannot recover, and your verdict should be for the defendant.

"12. If, from the evidence and the instructions of the court, the jury find for the plaintiffs, then the jury are to determine from all the evidence and the circumstances as proved on the trial, what damages ought to be given to the plaintiffs, and find your verdict accordingly, but not exceeding the amount claimed. In finding the measure of damages, the jury may take into consideration the mental suffering produced, if any, by the uttering of the slanderous words, if they believe from the evidence that such suffering has been endured by the plaintiff, Caroline Budwig, and the present or probable future injury, if any, to the plaintiff, Caroline Budwig's character, which the uttering of the words was calculated to inflict. If you find for the plaintiff she will be entitled to at least nominal damages without proof of actual damages."

Aside from the point made by counsel for plaintiffs in error in the brief, that these instructions were erroneous, in that the jury were told therein in substance, that if they should find from the evidence that the defendant, Hannah Boldt, spoke certain slanderous words of and concerning the plaintiff, Caroline Budwig, then that the plaintiffs—both plaintiffs jointly could recover, which point will be noticed hereafter. I do not see any error in the instructions, although it must be admitted that the 12th is not very carefully drawn. Instruction No. 8 is not, nor does it purport to be, perfect or syllogistic in its terms, but so far as it goes, I think it unobjectionable. As will be seen hereafter, it is not necessary to decide—nor do I decide—in disposing of these instructions, whether, under the law as it now stands, a husband is liable for slanderous words spoken by his wife or not. The instructions are clearly right so far as the question of the measure of damages is concerned. The words charged in the petition are actionable *per se;* hence there not only need be no proof of special damages, but such proof would be inadmissible. No witness could swear to the mental suffering of the female plaintiff. The jury must decide upon that from the defamatory words themselves, and the sex, age, and condition of the plaintiff. So also as to the question of future damage. No human being could say that the plaintiff's life would be prolonged for a single day after the trial, and yet the jury should consider the damage to her character as well as her mental suffering caused thereby during a life to be prolonged for the usual period of expectation according to ordinary experience, and not according to the opinion or testimony of witnesses. So the objection that there was no evidence before the jury of the mental suffering of the plaintiff, or of future damage, and hence that the instructions as to those matters were not supported by the evidence, is not well taken.

Plaintiffs in error assign as error the refusal by the court

to give in charge to the jury the second of the instructions prayed by them. The following is the instruction refused: "If you believe from the evidence that the defendant Hannah Boldt uttered of and concerning the plaintiff Caroline Budwig the slanderous words charged in the petition, then and in that event you will find for the plaintiffs, and the plaintiffs will be entitled to nominal damages in any event, together with such punitive or exemplary damages or smart money as in your judgment may be proper, as a punishment of the said defendant and an example to others." This instruction was not only properly refused, but its refusal was favorable to the plaintiffs in error; so that even if wrong, they could not be heard to object. But, as was held by this court in the case of *Boyer v. Barr*, 8 Neb., 68, punitive damages are not given in this state in any class of cases between private parties. Compensation under the rules of law is all to which a plaintiff is entitled in a civil suit at law. As to what elements of damage will be taken into consideration is a question not now before the court.

The *seventh* and last assignment of error—that the court erred "in rendering judgment on said verdict against the defendants jointly, and against the defendant William Boldt"—must be overruled as the point is here presented, irrespective of the merits of the case had William Boldt moved for a new trial and prosecuted error separate and apart from his co-defendant.

In the case of *Long & Smith v. Clapp*, 15 Neb., 417, upon exhaustive argument and thorough consideration, it was held that (I quote from the syllabus): "Under the provisions of section 429 of the code, in an action against two defendants, * * * the evidence being ample as to one but insufficient as to the other defendant, the verdict and judgment should be against the one and for the other; and in such a case where the verdict was against both defendants, and the one against whom there was but insuffi-

Boldt v. Budwig.

cient evidence made no motion for a new trial as to himself alone, and judgment was rendered against both, it will not be disturbed."

We have thus examined all of the errors assigned by plaintiffs in error, and found against them upon each point; yet the writer does not wish to be understood as holding that the action could not have been successfully prosecuted in the name of Caroline Budwig alone, nor even that her husband was a proper party to the action, but only that neither of those questions was so presented as to necessarily call for a reversal of the judgment. In this connection it may not be amiss to repeat what has often been said by this and other courts, that the judgment of a trial court will be upheld by an appellate one whenever it can be done without violating any principle of law or rule of practice.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.