CHRISTIANA HENDRICKSON V. ALBERT N. SULLIVAN.

[FILED DECEMBER 31, 1889.]

1. **Slander.** The petition in an action of slander is examined, and *held*, to state a cause of action.

2. ———: WORDS ACTIONABLE PER SE. Words falsely and maliciously spoken of a person, which impute the commission of some criminal offense, involving moral turpitude, for which the party, if the charge be true, may be indicted and punished by law, are actionable *per se*, and no special damages need be alleged nor proved in order to maintain the action.

ERROR to the district court for. Cass county. Tried below before CHAPMAN, J.

*Christiana Hendrickson, pro se,* on the point that the words complained of are actionable *per se,* cited: *Chaplin v. Lee,* 18 Neb., 442; *Call v. Larrabee,* 60 Ia., 212 [14 N. W. Rep., 237]; *Solverson v. Peterson,* 25 N. W. Rep., 14; *Dailey v. Reynolds,* 4 G. Greene [Ia.], 354; *Mayer v. Schleichter,* 29 Wis., 646; *Guard v. Risk,* 11 Ind., 156; Odgers, Libel and Slander, 18.

*A. N. Sullivan, pro se:*

It is not sufficient to allege that plaintiff has fallen into disgrace and infamy, and has lost credit and peace of mind. (3 Sutherland on Damages, 664; *Woodbury v. Thompson,* 3 N. H., 194; *Beach v. Ranney,* 2 Hill [N. Y.], 309; *Bassell v. Elmore,* 48 N. Y., 561; *Roberts v. Roberts,* 5 B. & S. [117 Eng. C. L.], 384.) The words mentioned in the petition are not actionable *per se,* and as no. special damages were averred, the demurrer was properly sustained. (*Geisler v. Brown,* 6 Neb., 259; *Pollard v. Lyon,* 91 U. S., 225.) The objectionable word is in the second person, and is merely one of contempt, and not actionable *per se.* (*State v. Kube,* 20 Wis., 239.)

REESE, CH. J.

This action was instituted in the district court of Cass county, and was for damages alleged to have been sustained by plaintiff by reason of certain alleged slanderous words spoken of her by defendant. A demurrer was filed to the amended petition, assigning as ground therefor that said petition did not state a cause of action in favor of plaintiff and against defendant. The demurrer was sustained and the cause dismissed, to which plaintiff excepted. She now presents the ruling of the district court upon the demurrer for review by proceedings in error.

The amended petition was as follows:

"At the time hereinafter stated the plaintiff was, and has been for a long time prior thereto, engaged in the business of dress-making in the city of Plattsmouth, Nebraska, from which business she was receiving her only means of support. She was an unmarried woman, and had been for more than a year last past and was and had been for a long time prior thereto living alone in a rented room in 'Union Block,' in said city, which room she was occupying as a home and place for carrying on her said business.

"At said times the defendant claimed that the plaintiff was his sub-tenant; that he was entitled to receive the rent money for said room from the plaintiff, and that plaintiff was owing him for about two months' rent on said room.

"Second—The plaintiff complains of the defendant, for that on or about the last days of October, 1885, in said 'Union Block,' and in the hallway near the entrance to plaintiff's said room, the defendant, wickedly intending to injure the plaintiff, in a discourse which he then and there had, of and concerning the plaintiff, in the presence and hearing of divers persons, falsely and maliciously did speak and publish of and concerning the plaintiff the following false and defamatory words, that is to say : 'I guess the old bitch' (meaning plaintiff) 'can pay her rent now, after having so many men running up here nights,' (meaning thereby that the plaintiff was a prostitute; that she was in the habit of entertaining men in said room, her private apartment, in the night time, for lewd and unlawful purposes, and further imputing that plaintiff had carried on unlawful sexual intercourse with said men, for which she had received money enabling her to pay defendant the rent he claimed to be due him on said room, by reason of which the plaintiff has been brought into public scandal and disgrace, and greatly injured in her good name, and has suffered great anxiety and pain of mind and body.

"Third—The plaintiff further complains of the defendant, for that afterwards, and on or about the last days of October, 1885, in said 'Union Block,' and in the hallway near the entrance to plaintiff's said room, the defendant, wickedly intending to injure the plaintiff, in a certain other discourse which he then and there had of and concerning the plaintiff, in the presence and hearing of divers persons, falsely and maliciously did speak and publish of and concerning the plaintiff the following false and defamatory words, that is to say, 'You damned old, crazy, filthy, bitch; you old Mother Franks, anybody knows you (meaning plaintiff) are an old filthy bitch, from the men you had running up here last night,' meaning thereby that the plaintiff was a prostitute, a disreputable and unchaste woman, who was in the habit of receiving and harboring disreputable men in said room, her private apartment, in the night time, with whom she carried on an unlawful sexual intercourse, by reason of which slander the plaintiff has been brought into public scandal and disgrace, and greatly injured in her good name, and has suffered great anxiety and pain of mind and body.

"By means of these several premises the plaintiff has sustained damages to the amount of ten thousand dollars, for which, and costs of suit, she asks judgment against defendant."

The principal question presented is whether the words spoken as alleged in the petition were actionable *per se.* If so, it was not necessary for plaintiff to allege nor prove special damages in order to the maintenance of her action. (*Boldt v. Budwig,* 19 Neb., 744.) The general rule governing cases of this kind is, that if the words falsely spoken of a person impute to the party concerning whom the language was used the commission of some criminal offense, involving moral turpitude, for which the party, if the charge be true, might be indicted and punished, the words so spoken are actionable *per se,* and no special damages

need be averred or proved. (*Chaplin v. Lee*, 18 Neb., 440, and cases there cited.)

Applying this rule to the petition in this case, it is apparent that the demurrer should have been overruled, for, by the innuendoes contained in said petition, the language alleged to have been used imputes to plaintiff not only an adulterous life but the further crime of keeping a place which was resorted to by men for lewd and lascivious purposes.   This was sufficient.

The judgment of the district court is reversed, the demurrer overruled, and the cause remanded to the district court for further proceedings in accordance with law.

REVERSED AND REMANDED.

THE other judges concur.