GEORGE HERZOG V. JENNIE CAMPBELL.

FILED MARCH 3, 1896.   No. 6253.

1. Instructions: FAILURE TO NUMBER: REVIEW. In order to present for review the failure of the district court to properly number instructions, exception must at the trial have been taken on that especial ground.

2. ———: CITATIONS: HARMLESS ERROR. While instructions should not be submitted to the jury with authorities noted thereon, still prejudice will not be presumed from the mere citation on the instruction of a volume and page of the reports. *Sioux City & P. R. Co. v. Finlayson,* 16 Neb., 578, followed.

3. Slander: SPECIAL DAMAGES. Words spoken imputing an

indictable offense are actionable *per se,* and no special damage need be proved.

4. ————: MEASURE OF DAMAGES.   Evidence examined, and *held* sufficient to sustain a verdict for $1,000.

ERROR from the district court of Clay county. Tried below before HASTINGS, J.

*Thomas H. Matters,* for plaintiff in error.

*Leslie G. Hurd, contra.*

IRVINE, C.

The assignments of error in this case demand no protracted discussion.   The first one urged in the brief is that "the court erred in giving instructions of the plaintiff as requested, instructions not being numbered, more than one instruction being given upon the same sheet without number, and further giving the instructions as requested by the plaintiff citing authorities in the instructions." From the argument it would seem that the assignment is merely directed to the formal matters referred to; that is, to the failure to separately number the instructions and to the citation of authorities.   No request to have the instructions numbered was made on the trial, and no exception was taken to the failure to number them. It is well settled that while the provisions of the statute requiring instructions to be separately numbered and marked "given" or "refused," as the case may be, are mandatory, still the failure to observe those requirements presents nothing for review, unless exception was specially taken on that ground. (*Tagg v. Miller,* 10 Neb., 442; *Fry v. Tilton,* 11 Neb., 456; *Gibson v. Sullivan,* 18 Neb., 558; *Omaha & Florence Land & Trust Co. v. Hansen,*

32 Neb., 449; *City of Chadron v. Glover*, 43 Neb., 732; *Jolly v. State*, 43 Neb., 857.)

At the end of one of the instructions appears in parentheses the following: "28 Neb., 330." This is, we presume, the citation referred to in the assignment. In *Sioux City & P. R. Co. v. Finlayson*, 16 Neb., 578, there was a similar complaint. The court disapproved the practice and intimated that when instructions are requested, accompanied by such notations, the court, before giving them, should erase the notations; but held that in the absence of special circumstances the error was without prejudice, and that a judgment should not be reversed for such a reason, unless prejudice be made affirmatively to appear. This case is precisely like the one cited.

The other assignments argued reduce themselves to two grounds—that the verdict was not sustained by the evidence and that the damages were excessive. The action was for slander by the defendant in error, a girl of sixteen, against the plaintiff in error, a farmer, and presumably a man who should have reached the age of discretion. The words charged imputed that the plaintiff was pregnant by reason of incestuous intercourse with her father. The answer was a general denial. Witness after witness testified to the publication of the slanderous words in substance as laid in the petition. The defendant did not directly contradict the testimony of a single witness. As to some of the witnesses he said that a portion of their testimony was true and a portion not, without saying what was true and what untrue. As to another, the question and answer were as follows: "Did you make the statement concerning Jennie Campbell as related by George

Hutton before the jury? A. No, sir; not in the shape he has given it." In other words, his testimony, by negatives pregnant, substantially corroborated the plaintiff's witnesses and confessed the charge. But it is said that the evidence rebutted the presumption of malice; and there was no evidence of express malice. We need not in this case inquire how far the rules of the common law in regard to the admission of evidence establishing and rebutting actual malice in slander cases must be modified because of our rule forbidding punitive damages. The publication of words imputing an indictable offense was here shown beyond question. No justification was attempted. No privilege was claimed. Conceding that under such circumstances the presumption of malice is a rebuttable presumption, it was not here rebutted. The defendant bases his argument on this point upon the fact which the evidence tends to establish, that each publication of the slanderous words was accompanied by a statement that the girl's father had endeavored to procure the defendant to marry her, intimating that he was responsible for her alleged condition. If this were true, which there is no evidence to show, the fact that the defendant was smarting under an unjust charge made by the plaintiff's father would be no justification or excuse for his slandering the girl. It would tend rather to prove than to disprove malice in its legal signification.

The verdict was for $1,000, which defendant calmly argues is excessive. His counsel seem to be under the impression that proof of special damage was necessary. It is elementary that words imputing an indictable offense are actionable *per se*, and that no special damage need be proved.

{Boldt v. Budwig, 19 Neb., 739; Hendrickson v. Sulli-
van, 28 Neb., 329; Barr v. Birkner, 44 Neb., 197.)
The jury had a right, and it was its duty on proof
of the cause of action, to award such damages as
in its judgment would fairly compensate the
plaintiff for the injury sustained; and it requires
some hardihood to contend that a verdict of $1,000
for a charge of incest, repeated over and over
again, against a girl just on the verge of woman-
hood, is more than adequate compensation.

JUDGMENT AFFIRMED.