FIRE ASSOCIATION OF PHILADELPHIA V. JAMES A. RUBY ET AL.

FILED JUNE 21, 1899.   No. 10600.

1. **Action on Sheriff's Bond:** EXECUTION AND APPROVAL: PLEADING. In an action on the official bond of a sheriff the petition should disclose the execution and approval of the bond, or facts showing a waiver of the approval of the bond, or facts which estop the sureties from urging its non-approval.

2. **Official Bonds:** NON-APPROVAL: ESTOPPEL. *Holt County v. Scott,* 53 Neb. 176, distinguished.

3. **Failure to File Instructions:** EXCEPTIONS: REVIEW. The omission to file instructions before they are read to the jury is not reversible error, where a specific exception was not taken on that ground before they were read.

4. **Sheriff:** AMERCEMENT: NOTICE. A judgment of amercement against a sheriff is of no validity if the officer had no notice of the proceeding to amerce prior to the entry of such judgment.

5. **Attorney and Client:** JUDICIAL SALE: PAYMENT OF BID. An attorney, by virtue of his employment to prosecute a case, has no authority to bind his client by an agreement that the purchaser at the judicial sale shall pay the amount of his bid to a third person instead of to the officer making the sale.

ERROR from the district court of Phelps county. Tried below before BEALL, J. *Reversed in part.*

*Dryden & Main* and *G. Norberg,* for plaintiff in error.

*S. A. Dravo, Rhea Bros. & Manatt, C. H. Roberts,* and *Clency St. Clair, contra.*

NORVAL, J.

For the second time this cause has made its appearance in this court, the former decision being reported in 49 Neb. 584. The action was upon the official bond of the defendant J. A. Ruby, as sheriff of Phelps county, to recover the sum of $435, which it is alleged came into the hands of Ruby as sheriff, as the proceeds of the sale of certain real estate under a decree of foreclosure, and

which he had neglected and refused to pay the plaintiff. Upon the first trial the main matter interposed by the officer as a defense was that he had paid the money to the clerk of the district court for the use of the plaintiff, which fact on the former hearing this court held constituted no defense, as it was the duty of a sheriff to pay the proceeds of sale derived from the sale of lands, under a decree of foreclosure, directly to the persons entitled thereto under the decree, unless it is otherwise ordered. Subsequent to the entry of the judgment of reversal new pleadings were filed, and the cause was again tried, resulting in a judgment in favor of the defendants. Plaintiff prosecutes error.

Before reviewing the assignments of error we will consider a proposition urged by the defendants, namely, that the amended petition of the plaintiff upon which the cause was tried does not state a cause of action, because the approval of the bond upon which the action was brought is not alleged. The only averments in the pleading relative to the matter are that the defendant Ruby "was duly elected and qualified as sheriff of Phelps county, Nebraska, for the term commencing January 1, 1890; that, being required by law to give bonds for the faithful performance of his duties, said J. A. Ruby, as principal, and the other defendants therein as sureties, entered into a bond in the sum of $10,000, as required by law, for the faithful performance of his duties as such sheriff. A copy of said bond is hereto attached, marked 'Exhibit A,' and made a part hereof." It will be observed that there is no allegation that the bond was ever approved by any officer or board, nor are facts averred from which the inference can be drawn that the bond was approved. It is averred that defendants "entered into a bond," which is equivalent to an allegation that they signed the instrument declared on and not that it had been approved. Had the plaintiff alleged that the defendants executed the bond, it might include, or cover, the performance of every act essential to the making and

approving of the bond; but the pleading contains no such averment, or a state of facts of like import. It is not even alleged that the bond in question was ever filed in the office of the county clerk of Phelps county, or that it was ever presented for approval to the county board. To create a liability against the defendant sureties it must appear that the bond was filed and approved, or facts disclosed which estopped the sureties from asserting that the bond was never approved, as was the case in *Holt County v. Scott*, 53 Neb. 176, where the bond of Scott, as county treasurer, was executed and delivered within the statutory period to the proper officer, was approved out of time, but Scott obtained possession of the office thereunder and received the fees and emoluments thereof; and it was held that the sureties were liable. The case at bar, as made by the pleading of the plaintiff, is entirely different. It is not alleged that this bond was ever filed, that Ruby took possession of the office thereunder, and discharged the duties thereof and received the fees and emoluments belonging thereto. A cause of action is not stated against the sureties, even though the copy of the bond attached to the amended petition as an exhibit be considered. It is not averred that the exhibit is a copy of the original and the indorsements thereon.

The instructions to the jury were not filed until after the return of the verdict, and for this a reversal is asked. While instructions should be filed with the clerk of the trial court before they are read to the jury, such omission will not work a reversal where a specific exception is not taken on that ground at or before the time they are read. (*Fry v. Tilton*, 11 Neb. 456.) The record under review affirmatively shows that no exception was taken to the charge until after the verdict was returned and filed, which, under the authorities, was too late to make the error available in this court.

It is asserted that the verdict and judgment were in favor of all the defendants, while under the former opinion filed when the cause was here before, owing to the

judgment of amercement against Ruby, the plaintiff was entitled to a judgment herein against him. It was then decided that the judgment of amercement against a sheriff is, in a subsequent action on his bond, indisputable evidence of the facts essential to a recovery. It there appears that the amercement order was made by consent of parties, but on the last trial there was evidence tending to show that Ruby did not consent to the rendition of the amercement order or judgment, and that he had no notice of the proceeding to amerce prior to the entry of the order against him therein. If Ruby had no notice of the proceeding, did not appear therein, or consent to judgment, it is very evident that the amercement order is not binding upon him.

On the last trial the defendants were permitted, over the objections of the plaintiff, to prove that after the sale was confirmed, no money having been paid by the purchaser, that the latter, on the verbal request of J. P. Hartman, one of the plaintiff's attorneys in the foreclosure suit, paid the purchase price to the clerk of the court below and not to the sheriff. The admission of this evidence, it is urged, was prejudicially erroneous, the argument being that the general employment of an attorney confers no authority upon him to direct that money due his client upon a judgment be paid to a person not authorized by law to receive it. The argument is convincing. It was the duty of the purchaser at the foreclosure sale to have paid the amount of his bid to the sheriff, and upon the approval and confirmation of the sale, the law imposed on him the obligation to pay the money, less costs, to the party entitled thereto. Hartman, by his general employment,—and no special authority was shown,—had no power to direct that the purchase-money be paid to the clerk of the court. (*Luce v. Foster*, 42 Neb. 818.) The judgment as to the sureties is affirmed, but as to the defendant Ruby it is reversed.

JUDGMENT ACCORDINGLY.