Elma Bloomfield, Appellee, v. Henry Pinn, Appellant.

Filed May 21, 1909.   No. 15,725.

1. **Trial: Instructions: Reference to Pleadings.** After instructing the jury as to the issues presented for their determination, it is not error for the court to refer them to the pleadings for a more specific statement, and allow them to take the pleadings when they retire to consider their verdict.

2. ———: ———. The court in paragraph two of his instructions told the jury what the plaintiff was required to prove in order to recover, and in another paragraph informed them what would be a complete defense to the matters mentioned in the former paragraph. *Held*, That this did not render the paragraphs inconsistent with each other, and that when considered together they properly stated the law applicable to the facts of the case.

3. **Appeal: Instructions.** An instruction not technically correct, but which is more favorable to the complaining party than to his opponent, affords him no ground of reversal.

4. **Libel and Slander: Malice: Evidence.** In an action for slander, it is proper for the plaintiff to introduce evidence of the speaking of slanderous words other than those set out in the petition, but of similar import, both before and after the commencement of the suit, when malice is a fact in issue, and to show the extent of the publication, but not in aggravation of damages.

5. **Appeal: Instructions: Harmless Error.** An instruction by which the jury were told that they might consider such statements for the purpose of showing malice, or in aggravation of damages, is not technically correct; but where it is apparent from the whole record, including the amount of the recovery, that the jury were not influenced by the use of the words, "or in aggravation of damages," in arriving at their verdict, the giving of such an instruction is error without prejudice.

6. **Libel and Slander: Instructions: Damages.** It is proper in such a case for the court to instruct the jury that in fixing the amount of damages they may take into consideration the present and future injury to the plaintiff.

7. **Trial: Special Findings: Estoppel.** Where a party has requested the submission of special questions to the jury to be answered by them, and the answers returned are sustained by the evidence, he cannot be heard to complain of such answers.

8. **Libel and Slander: Damages.** *Held*, upon the facts disclosed by the record, that the verdict in this case is not excessive.

APPEAL from the district court for Kearney county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*Lewis C. Paulson* and *M. D. King,* for appellant.

*Adams & Adams, contra.*

BARNES, J.

Action for slander. Plaintiff had judgment in the district court, and defendant has appealed. For convenience the parties will be designated as plaintiff and defendant. The plaintiff's petition contained nine counts, or causes of action, based on slanderous words spoken by the defendant of and concerning the plaintiff to many different persons, and on that number of occasions. The slanderous words set out in the petition will not be reproduced in this opinion because they are unfit for publication. It is sufficient to say that they charged plaintiff with unchastity, and asserted that defendant on July 7, 1907, and from that time to July 27 of the same year, had sexual intercourse with her whenever he desired to do so, and that during all of that period he had used her the same as though she was his wife. By his answer the defendant denied some of the charges, and alleged the truth of the others as a defense. The reply was a denial, coupled with matters explanatory of some of the statements contained in the answer. The action was tried on its merit, the jury returned a verdict for the plaintiff for $3,500, and judgment was rendered thereon.

Defendant's first contention is that the district court failed to correctly instruct the jury as to the issues submitted for their consideration, and by referring them to the pleadings "for a more specific statement of said issues." We have examined the instruction complained of, and find that defendant's criticism was without merit. The court directed the attention of the jury to each cause of action set out in the petition and the answer of the defendant thereto, specifically stating the issue in each

case, and it is. difficult to see, owing to the great length of the pleadings, how the issues could have been made plainer than they were. It is insisted, however, that it was error for the court to allow the jury to take the pleadings along with his instructions to their jury room. We understand that in most of the judicial districts of this state the jury are permitted to take the pleadings in the case when they retire to consider their verdict. We see nothing reprehensible in this practice, and the course pursued by the trial court in this case furnishes no ground for a reversal of the judgment.

Defendant next contends that the court erred in giving instruction No. 2 on his own motion. This instruction reads as follows: "You are instructed, gentlemen of the jury, that for the plaintiff to recover she must prove, by a preponderance of the testimony, the truth of the material allegations in her petition. The material allegations which she must prove are: That the defendant spoke, uttered and published the slanderous statements, or some of them, as alleged and set out in her petition; that they were spoken of and concerning her, and that such statements were published by him, that is, they were spoken in the presence and hearing of one or more persons." The slanderous words which it is chargd were spoken by the defendant are actionable *per se*, and the instruction above quoted correctly states the law in such cases.

It is alleged, however, that this instruction is inconsistent with paragraph No. 10½ of the court's charge, which is also severely criticised. Instruction No. 3 informed the jury what the plaintiff must prove in order to recover, while instruction No. 10½ states what would be a complete defense to the slanderous words, if uttered, and both of the instructions state the law correctly. They should be considered together, and the fact that both propositions were not contained in the same paragraph of the charge is quite immaterial, and was without preju- dice to the defendant.

Complaint is also made of instruction No. 10¾ given by the court on his own motion. Without quoting this instruction, it is sufficient to say that we have examined it carefully, and find that it states the law in form and substance most favorable to the defendant, and therefore, even if it is not technically correct, it affords him no cause for complaint.

Instruction No. 10 is most vigorously assailed by the defendant because the jury were thereby told that they might consider statements made of and concerning the plaintiff other than those set out in her petition, of similar import, for the purpose of showing malice or in aggravation of damages, but not for the purpose of proving other or different causes of action than those set out in her petition. In support of this criticism the defendant cites *Frazier v. McCloskey*, 60 N. Y. 337. We find that this rule was condemned, but that decision is opposed to the great weight of authority. We are satisfied, however, that they are only admissible in this jurisdiction when malice is a fact in issue, and to show the extent of the publication of the libel or of the slanderous words spoken. But if the evidence given for that purpose establishes another cause of action, the jury should be cautioned against giving any damages in respect to it. Such caution was given in this case, for the instruction contains the following clause: "If she is entitled to recover it is only upon the causes of action set out in her petition." A similar instruction was approved by this court in *McCleneghan v. Reid*, 34 Neb. 472. The defendant in that case pleaded want of malice and justification. To show malice the plaintiff introduced proof tending to show the falsity of the charge, and that the defendant below had at other times than those charged in the petition uttered the words claimed to be slanderous. The court said; "Such proof is admissible to show the *quo animo*. An instruction may be given, if requested, limiting the proof to that purpose. There was no error therefore in admitting it." The syllabus in that case reads as

follows: "In an action for slander, proof that the defendant repeated the words alleged to be slanderous at other times before the bringing of the action than those set forth in the petition may be introduced for the purpose of showing malice." In *Gribble v. Pioneer Press Co.*, 34 Minn. 342, we find the following: "In an action for publishing a libel upon the plaintiff, evidence of other publications by defendant, containing substantially the same imputation as that sued upon, whether made before or after the latter, or even after suit brought upon it, may be admitted in evidence for the purpose of proving actual malice in the publication prosecuted for, and thereby aggravating the damages recoverable therefor." In *Larrabee v. Minnesota Tribune Co.*, 36 Minn. 141, it was said: "To show actual malice other libelous publications by the defendant, containing substantially the same imputation against the plaintiff as the article sued on, are admissible." While the cases are somewhat divided upon this question, the great weight of authority sustains the rule that in an action for slander the plaintiff may show a repetition by the defendant of the slanderous words both before and after the commencement of the suit to prove the existence of malice; and in *Gribble v. Pioneer Press Co.*, *supra*, and in several other cases, it is held that they may be received in aggravation of damages. We are not prepared, however, to approve of the instruction complained of, for the reason that exemplary damages are not recoverable in this state. Therefore, while we condemn their use, still we are satisfied that in this case the giving of the instruction was error without prejudice, for reasons which we shall presently give.

Defendant further contends that the court erred by instructing the jury that, in fixing the amount of damages to be awarded the plaintiff, they should take into consideration her present and future injury. The question was first considered by this court in *Boldt v. Budwig*, 19 Neb. 739, where the following instruction was approved: "If, from the evidence and the instructions of the court,

the jury find for the plaintiffs, then the jury are to determine from all the evidence and the circumstances as proved on the trial what damages ought to be given to the plaintiffs, and find your verdict accordingly, but not exceeding the amount claimed. In finding the measure of damages, the jury may take into consideration the mental suffering produced, if any, by the uttering of the slanderous words, if they believe from the evidence that such suffering has been endured by the plaintiff, Caroline Budwig, and the present or probable future injury, if any, to the plaintiff Caroline Budwig's character, which the uttering of the words was calculated to inflict. If you find for the plaintiff, she will be entitled at least to nominal damages without proof of actual damages." In *Bee Publishing Co. v. World Publishing Co.,* 59 Neb. 713, the rule above stated was approved, and it was said: "In such case the jury should take into account the probable future as well as the actual past, and assess the damages once for all." We adhere to the rule announced in the foregoing decisions, and therefore the defendant's contention on this point cannot be sustained.

At the defendant's request two special questions were submitted to the jury, which were answered by them, and those answers he now vigorously assails. These questions were: First, "Do you find from the evidence that it is true that the defendant had sexual intercourse with the plaintiff at any time from and including July 7 to July 30, 1907?" Second, "Do you find from the evidence that it is true that defendant had sexual intercourse with plaintiff, as alleged in defendant's answer?" To each of the questions the jury answered "No." Those findings are amply sustained by the evidence. In fact we are unable to see how the answers could have been otherwise. It is claimed, however, that it was prejudicial error upon the submission of the questions to define sexual intercourse. While we are satisfied that such an instruction was unnecessary, yet we fail to see how it could have

resulted in any prejudice to the substantial rights of the defendant.

Complaint is made of certain rulings in the admission and rejection of evidence during the trial. We have carefully examined each of these assignments, and are satisfied that the record on this matter is without error.

Finally, it is contended that the verdict is excessive. This contention is without merit. It appears from the record that the plaintiff was an unmarried woman, 19 years old, of an excellent family, of good reputation, and was engaged in teaching school in Kearney county; that the defendant is a widower, engaged in farming, and a man of middle age. After the death of his wife, which occurred on the 20th day of January, 1907, he commenced to pay his attentions to the plaintiff, who was teaching in the school district where he resided. They kept company for some little time when they became engaged to be married. This was some time during the month of May of that year. The defendant insisted upon immediate marriage, while the plaintiff was of opinion that they should wait for at least a year out of respect to the memory of the defendant's dead wife. They continued to keep company with each other until the night of the 7th of July, 1907, at which time, while they were riding in a buggy, the defendant violently and brutally assaulted the plaintiff. That she successfully resisted him there can be no doubt. In the struggle that ensued she became somewhat confused, and at its conclusion was told by the defendant that he had accomplished his purpose. From that time on his course of conduct was such as to destroy the affection she had previously entertained for him, and on the 27th day of July she dismissed him, and refused to marry him or have any further communication with him. Thereupon defendant became enraged and desperate and at every opportunity and on many occasions spoke of and concerning her the slanderous words complained of. It was shown by the evidence that it was his purpose, as stated by himself, to bring her so

low and make her so vile in the eyes of the community that no other man would ever marry her, and that she would finally be compelled to marry him. Upon the trial her character was completely vindicated, and it can hardly be said, considering the enormity of the offense, that the damages awarded her are excessive. Indeed, they do not seem to us to be at all adequate or commensurate to the injury that the defendant has inflicted upon her. So the instruction by which the jury were told that they could consider the slanderous words spoken by the defendant of and concerning the plaintiff, both before and after the commencement of the action, to show malice or in aggravation of damages was, as above stated, error without prejudice.

Finding no reversible error in the record, the judgment of the district court is

AFFIRMED.