VERN PENDROCK, APPELLEE, V. F. W. WOOLWORTH COM-
PANY ET AL., APPELLANTS.

FILED JULY 8, 1932. No. 28283.

*Crofoot, Fraser, Connolly & Stryker,* for appellants.

*Merrow & Murphy* and *John A. McKenzie, contra.*

Heard before GOSS, C. J., ROSE, DEAN, EBERLY, DAY
and PAINE, JJ., and RYAN, District Judge.

ROSE, J.

This is an action to recover $10,000 in damages for
slander. In Omaha plaintiff was a salesgirl in a store
owned by defendant F. W. Woolworth Company and man-
aged by defendant Arthur Davis. The petition alleged
that Davis, February 25, 1930, acting for himself and his
employer, wrongfully and maliciously intending to sland-
er, malign and injure plaintiff, told her in presence of
co-employees that six cents found in her shoe did not
belong to her; that she had stolen it from them and was
a common thief. In explaining the presence of the money
in her shoe she stated in her petition that she was re-
quired to deposit daily with defendants her purse, street
shoes and other personal belongings before entering upon

her duties in the store; that she found in an aisle six cents belonging to a customer who had lost the money and that she put it in her shoe to keep it separate from money she was handling for defendants; that in the evening, having changed her store shoes for her street shoes before departing for home, defendants discovered the six cents in her store shoe, subsequently uttered the slander outlined and discharged her.

Defendants in their answer denied unadmitted allegations of the petition, specifically denied the charges that Davis accused plaintiff of wrongfully taking the money, of stealing it and of calling her a common thief, and pleaded that, pursuant to a request of Davis who found money in her shoe on the evening of February 24, 1930, she came to him in the basement of the store the next morning—February 25, 1930; that he then and there informed her she had broken a rule by concealing money in her apparel; that he would be obliged to discharge her; that the conversation between them was conducted in a moderate tone of voice, was not sufficient to, and did not, attract the attention or notice of any other person and that plaintiff left quietly and unnoticed. The facts pleaded as a defense were put in issue by a reply.

Upon a trial of the cause the jury rendered a verdict in favor of plaintiff for $2,000 and from a judgment thereon defendants appealed.

The principal ground upon which defendants rely for a reversal is the insufficiency of the evidence to sustain the judgment. They directed a formidable argument to the proposition that plaintiff did not make a case for damages and that consequently the trial court erred in overruling a motion by them for a nonsuit. The evidence on behalf of both sides shows that, before the store was opened to customers on the morning after the coins had been found in the shoe, plaintiff and Davis had a conversation in the basement of the store in regard to that incident. What then and there occurred was the material inquiry. The store was conducted on two floors—the first

and the basement. Plaintiff had been employed as a clerk at a counter in the basement. She testified that, when near her counter on her way to work, Davis, who, with five or six other employees, was in the basement when she arrived, called to her from a distance of about 15 feet and said: "Pendrock, come over here;" that she did as directed and he said, "What is the matter with your shoe?" Her version of what followed, quoting from the record, reads thus:

"I didn't say anything. I looked down at my shoe and at him, and he said, 'You stole some money from the store.' I said, 'What do you mean—that six cents I found?' He said, 'You didn't find that. You stole it, you little thief.' And I said, 'Oh, no, Mr. Davis, I found it.' He took me by the arm and said, 'Don't try to tell me that. You stole it. That is all there is to it.' And he led me to the check room and he said, 'We can't have thieves around here.'"

Plaintiff testified further that Davis was angry and spoke in a loud tone of voice and that other employees were there where they could hear the conversation. The jury believed her evidence in preference to testimony of a different import and, for the purposes of appeal, their verdict established the fact that Davis, acting for himself and his employer, uttered in the presence of plaintiff and others the defamatory expressions pleaded in the petition—utterances of themselves slanderous. Confronted with the evidence and the verdict, defendants take the position that each employee present at the time, with the exception of plaintiff, denied hearing any defamatory words and that therefore the publication essential to an actionable slander was not proved, evidence of what was said to plaintiff and not heard by any one else being insufficient to show publication or resulting damages. The rule of law that defamatory utterances, to be actionable as slanders, must be published or communicated to a third person is well understood, but there seems to be a fallacy in the argument applying the principle invoked to

the evidence in the present case. A plaintiff to whom slanderous words were spoken may prove by direct, or circumstantial evidence, or by both, that the defamatory utterances were heard and understood by a third person. In testing on appeal the sufficiency of the evidence to sustain a verdict that defendants uttered and published a slander, reasonable and proper testimony of plaintiff on those issues may be accepted as truthful. Many of the circumstances were harmoniously disclosed by both sides. A conversation between Davis and plaintiff was shown by all litigants. It occurred in the basement of the store in absence of customers. Besides plaintiff there were at least five other employees present, each at a counter arranging merchandise for sale. There was nothing to indicate that the natural sense of hearing of any one of them had been impaired. As witnesses they heard, understood and answered the questions propounded by counsel at the trial. They all spoke understandable English. While the conversation to which Davis testified was free from slander and was in plain language, plaintiff's different version of what he said at the time was equally clear. There was only one conversation in issue. If plaintiff testified to the truth, Davis was angry and spoke loudly and she heard him at a distance of about 15 feet when he first called her. One employee, while testifying as a witness for defendants, said he was about six feet from Davis and heard the conversation in detail. According to his testimony Davis "told her that she had broken the rule and that he would have to discharge her" and "she said she knew she had and she supposed all he could do was to discharge her." He was a third person. If he heard the conversation in detail as he said he did, and as the circumstances indicated, he heard the slanders to which plaintiff testified, if she told the truth, as the jury found on sufficient evidence. Other employees were scattered around the room at different counters and as witnesses negatived the hearing of defamatory words, but their testimony, in view of all other evidence and the

circumstances thereby disclosed, did not make a finding in favor of defendants the only alternative on the issue of publication. The jury were at liberty to believe the testimony of the third person that he heard the details of the conversation and also the testimony of plaintiff that Davis told her she stole from defendants the money found in her shoe, and that she was a thief. The conclusion on appeal is that plaintiff made a case for the determination of the jury on the contested issue that defendants uttered and published the slanders pleaded in the petition. Assignments of error directed to the failure of the trial court to give a peremptory instruction in favor of defendants are accordingly overruled.

One of the assignments of error assails the failure of the trial court to give a requested instruction to the effect plaintiff could not recover damages unless she proved by a preponderance of the evidence that Davis spoke the slanderous words which she imputed to him and that they were heard and understood by a third person. Defendants are not entitled to a reversal on this ground, for the reason that the entire charge contained instructions that the burden of proof was on plaintiff to satisfy the jury by a preponderance of the evidence that the slanders charged in the petition were spoken maliciously and were published; that publication is a communication of defamatory matter to some third person or persons; that the communication must be intelligible to such third person.

Other assignments of error have been considered with the entire record without finding an error prejudicial to defendants.

AFFIRMED.