VERNA HALL, APPELLEE, V. CLARA VAKINER, APPELLANT.

FILED APRIL 21, 1933. No. 28500.

*J. F. Rohn* and *C. M. Heine,* for appellant.

*Cook & Cook, contra.*

Heard before GOSS, C. J., ROSE, DEAN, EBERLY, DAY and PAINE, JJ.

ROSE, J.

It is charged in the petition that defendant uttered and published in the store of Carl Schneider in the village of Snyder, Nebraska, September 1, 1931, of and concerning plaintiff, an unmarried woman 22 years of age, the following false and defamatory words:

"The Henry Hall and Schweitzer girls are whores. The girls go to Fremont and mix with the same bunch. These kind of people should be run out of town."

Plaintiff pleaded also that those words were spoken in the presence and hearing of Carl Schneider and Fred Jahrmarkt and that by reason of the slander plaintiff has suffered mental anguish and damage to her former good

name and reputation in the sum of $10,000.

In an answer, defendant admitted that plaintiff is a daughter of Henry Hall, that she is 22 years of age and that her parents live in Snyder. Other allegations of the petition are denied.

Upon a trial of the cause, the jury rendered a verdict in favor of plaintiff for $1,750. From a judgment therefor defendant appealed.

It is urged as a ground for reversal that the evidence is insufficient to sustain the verdict. Defendant testified in her own behalf that she did not utter at any time or place the defamatory words charged, but admitted her participation in the conversation to which the alleged slander applied, saying the names of the Hall girls were not mentioned. On cross-examination, however, she admitted they were mentioned, but in a different connection. On the other hand, Fred Jahrmarkt, father of six children, a farmer who had resided 56 years on his 245-acre farm near Snyder, testified that, in a conversation in which he was a participant, defendant made the statement pleaded, repeating it in language almost identical with the slanderous words alleged in the petition; that Carl Schneider, who was also present, cautioned defendant at the time she was "going too far;" that the defamatory words applied to plaintiff. The conversation and surrounding circumstances were given in detail. The jury were the judges of the credibility of the witnesses and of the weight of the conflicting testimony. The evidence on behalf of plaintiff was reasonable and proper and was sufficient to prove her case and, having been believed by the jury as shown by their verdict, settled the issue as to the utterance and publication of the slander pleaded. *Pendrock v. Woolworth Co.,* 123 Neb. 477.

Complaint is made because the district court, after plaintiff had rested and defendant had moved for a nonsuit, permitted Jarhmarkt to be recalled and reexamined as a witness. He had previousy testified that part of the conversation containing the alleged slander was in

German and part in English. Upon further examination, he said the slanderous words were uttered in English— the language of the petition. The record shows that in his testimony in chief he stated the defamatory matter in his own English. After he was recalled, he said it was spoken by defendant in English. This testimony harmonized the petition and the proof as to defendant's use of English in the slander pleaded. The power of the district court, in conducting the trial impartially in the interests of justice, included the discretion to permit the recalling of the witness for the purpose of explaining or supplementing his own testimony on a material issue. This discretion was exercised and the record does not show it was abused.

Instructions were criticized for containing statements to the effect that plaintiff was not bound to prove the speaking of all words charged in the petition, if the jury believed from the evidence that defendant used words fairly importing the slander pleaded. An instruction of a similar nature was formerly held not erroneous in *Boldt v. Budwig*, 19 Neb. 739. In any event the instructions were not prejudicial, for the reason that the slander to which the witness for plaintiff testified was in language identical with the charge in the petition. The defamatory words were the same in both pleading and evidence on behalf of plaintiff. There was nothing in either to mislead or confuse the jury as to what was alleged in the petition and stated by the witness. No error has been found in the rulings giving or refusing instructions.

It is further insisted that the judgment is excessive and should be reversed or a substantial remittitur required. In determining questions of this nature reviewing courts recognize the following rules:

"In an action for libel or slander, the amount of damages recoverable is peculiarly a matter for the jury. It is almost entirely within their discretion, because there can be no fixed or mathematical rule on the subject." 17 R. C. L. 444, sec. 205.

Unless a verdict for slander appears to be clearly wrong, or the result of passion or prejudice, or of an abuse of discretion, or of a serious mistake or a gross error, or of an extravagant or unconscionable estimate of damages, it will not ordinarily be set aside on appeal as excessive or reduced by remittitur. 17 R. C. L. 444, sec. 205.

Plaintiff had graduated from a high school while living with her parents. For two years or more she had been constantly in legitimate work on her own account. At different times she had been an employee in a printing shop, in a physician's office, in a home caring for children, in a café as a waitress, and in a store. The evidence tends to show that the utterance and publication of the slander caused mental anguish in addition to other elements of damage. The defamatory charge ranked plaintiff with women unfit for any honorable place in life. A successful attack on a good name and the resulting injury were subjects of a familiar classic:

"Good name in man or woman, dear my lord,
Is the immediate jewel of their souls;
Who steals my purse, steals trash;
    'tis something, nothing;
'Twas mine, 'tis his, and has been slave to thousands;
But he that filches from me my good name,
Robs me of that which not enriches him,
And makes me poor indeed."

Shakespeare.

In a former opinion a verdict of $3,500 for a false charge of unchastity was affirmed, though assailed on appeal as excessive. *Bloomfield v. Pinn,* 84 Neb. 472. In the present instance there does not seem to be a substantial ground for a reversal or a remittitur or for otherwise interfering with the verdict.

AFFIRMED.