**Ruby MILLER, Appellant,**

**v.**

**Martha WOODS, Appellee.**

Court of Appeals of Kentucky.

June 10, 1960.

Rehearing Denied Oct. 14, 1960.

Thos. D. Theobald, Jr., Grayson, A. W. Mann, Ashland, for appellant.

H. R. Wilhoit, Grayson, for appellee.

WADDILL, Commissioner.

Martha Woods recovered judgment against her sister, Ruby Miller, in the sum of $5,000 for slander. As grounds for reversal it is contended that: (1) The damages are excessive; (2) the verdict did not comply with the instructions.

Appellant, Ruby Miller, and appellee, Martha Woods, are the daughters of Mary Riffe who was 91 years of age at the time of her death in 1957. Appellant resided in Boyd County and appellee and her mother lived on a farm in Carter County. For several years prior to her death, Mrs. Riffe had been ill and bedfast due to an injury and infirmities of old age. Appellee had been nursing her mother since 1952.

On July 12, 1956, appellant was informed that her mother was seriously ill. When appellant arrived at her mother's home a controversy arose between appellant and appellee concerning the manner in which appellee had been attending to the needs of their mother. Appellee claims that during the ensuing quarrel appellant accused her of poisoning their mother.

Several months later appellee filed this slander action seeking compensatory and punitive damages against appellant. The complaint, in effect, alleged that appellant falsely and maliciously said in the presence of sundry persons that appellee had been giving poison to their mother, thereby falsely imputing that appellee had committed the offense of administering poison to another as denounced by KRS 435.170.

■ Appellant urges that the verdict is excessive. In cases of this character there is no rule of law fixing the measure of damages just as there is no rule by which damages for pain and suffering can be measured. Nor can the damages be ascertained by any process of computation. Broadly stated, the principal elements which may be considered are the nature of the charge or imputation, the extent of the circulation of the slanderous words, and the character, condition and influence of the parties. 53 C.J.S. Libel and Slander § 238, p. 361. Also to be considered is the mental anguish occasioned by the defamation. 53 C.J.S. Libel and Slander § 243, p. 366 and § 264(J), pp. 383, 384.

In Mullins v. Mutter, 287 Ky. 164, 151 S.W.2d 1047, a verdict of $4,000 as compensatory damages was held not excessive in a slander action wherein a girl of good character was called a whore. An award of $5,000 was affirmed in Paducah Newspapers, Inc., et al. v. Wise, Ky., 247 S.W.2d 989, wherein the libelous publication accused plaintiff's place of business of being unfair to members of labor. Cases from other jurisdictions indicate rather clearly that verdicts will not be disturbed unless they are so exorbitant as to induce the court to conclude that the jury was actuated by passion, prejudice or partiality. Morgan v. Bulletin Co., 369 Pa. 349, 85 A.2d 869; Koehler v. Sircovich, Tex.Civ.App., 269 S.W. 812; Sumner Stores of Mississippi v. Little, 187 Miss. 310, 192 So. 857; Kroger Grocery & Baking Co. v. Rosenbaum, 171 Va. 158, 198 S.E. 461; Hall v. Martindale, Mo.App., 166 S.W.2d 594; Van Orman v. J. C. Penney Co., Mo.App., 80 S.W.2d 292; See Annotation, 35 A.L.R.2d, pp. 242, 243. And in cases wherein the defamation imputed involvement in crime, this Court as well as other courts have sustained rather liberal awards of damages. Louisville Times Co. v. Emrich, 252 Ky. 210, 66 S.W. 2d 73; Morgan v. Bulletin Co., 369 Pa. 349, 85 A.2d 869; Frechette v. Special Magazines, 285 App.Div. 174, 136 N.Y.S.2d 448; Hutchens v. Kuker, 168 Neb. 451, 96 N.W. 2d 228; Rogers v. Florence Printing Co., 233 S.C. 567, 106 S.E.2d 258.

■ The right of a person to have his reputation and character protected against defamation is, indeed, a valuable one. The evidence introduced in behalf of appellee reflects that appellant, in the presence of several persons, accused appellee of a serious offense. Appellee's testimony indicated that she was shocked and humiliated by the accusation. It cannot reasonably be argued that appellee was not injuriously damaged by the defamation. The verdict is not so large as to strike us at first blush as being the result of passion, prejudice or partiality on the part of the jury.

■ Appellant further contends that the verdict does not comply with the instruc-

tions. The jury returned a general verdict for $5,000. The verdict, however, does not separately designate the amount awarded as compensatory damages and the amount awarded as punitive damages as was expressly required by the instructions. No objection was raised by appellant to the verdict or to its form when it was rendered. The failure to enter a timely objection to the form of a verdict constitutes a waiver thereof. Thacker's Adm'r. v. Salyers, Ky., 290 S.W.2d 830; Brink v. Kennedy, 286 Ky. 566, 151 S.W.2d 58; Adams v. Commonwealth, 285 Ky. 38, 146 S.W.2d 7; Old 76 Distillery Co. v. Morris, 234 Ky. 389, 28 S.W.2d 474. Consequently, this ground cannot be reviewed on appeal.

Judgment affirmed.

MOREMEN, J., dissents on the ground that the damages are excessive.